IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL C. JACOB,

    Plaintiff,                    No. 2:10-cv-0692 JAM DAD (PC)

    vs.

M. T. RAMIREZ, et al.,

    Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

                             /

          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has been improperly identified as a member of a prison gang. Plaintiff seeks injunctive relief requiring defendants to remove any and all identification of plaintiff as a "Crip" from all classification and critical case information documentation and to amend their regulations concerning gang identification to comply with the requirements of a federal court order.

          On July 29, 2011, defendants filed a motion to stay this action. With that motion, defendants presented evidence that plaintiff was released on parole from state prison on July 13, 2011. By order filed August 8, 2011, defendants' motion was granted and this action was stayed pending plaintiff's compliance with Local Rule 183(b) concerning filing a notice of change of address. On October 17, 2011, defendants filed a motion to dismiss this action due to plaintiff's

1

failure to file a notice of change of address. By order filed October 26, 2011, plaintiff was ordered to file, within fifteen days, a response to defendants' October 17, 2011 motion to dismiss and to show cause with the response why this action should not be dismissed as moot. Plaintiff was also cautioned that failure to comply with the October 26, 2011 order would result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b). The fifteen day period has now expired and plaintiff has not responded in any way to the court's order or to defendants' motion to dismiss.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

In determining to recommend that this action be dismissed, the court has considered the five factors set forth in Ferdik. Here, as in Ferdik, the first two factors strongly support dismissal of this action. The action has been pending for over a year and a half and has reached the stage, set by the court's May 19, 2011 scheduling order, for resolution of dispositive motions and, if necessary, preparation for pretrial conference and jury trial. (See Scheduling Order, filed May 19, 2011.) Plaintiff's failure to comply with the Local Rules and the court's October 26, 2011 order suggests that he has abandoned this action and that further time spent by the court thereon will consume scarce judicial resources in addressing litigation which plaintiff demonstrates no intention to pursue.

/////

The fifth factor also favors dismissal. The court has advised plaintiff of the requirements under the Local Rules and granted ample additional time to oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of this action.

Under the circumstances of this case, the third factor, prejudice to defendants from plaintiff's failure to oppose the motion, should be given little weight. Plaintiff's failure to oppose the motion does not put defendants at any disadvantage in this action. See Ferdik, 963 F.2d at 1262. Indeed, defendants would only be "disadvantaged" by a decision by the court to continue an action plaintiff has abandoned and that may be moot. The fourth factor, public policy favoring disposition of cases on their merits, weighs against dismissal of this action as a sanction. Nonetheless, for the reasons set forth above, the first, second, and fifth factors strongly support dismissal and the third factor does not mitigate against it. Under the circumstances of this case, those factors outweigh the general public policy favoring disposition of cases on their merits. See Ferdik, 963 F.2d at 1263.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

/////
/////
/////
/////
/////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 16, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
jaco0692.46fr